IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH GIBBONS,<br>Plaintiff,<br><br>vs.<br><br>CONTRACT CALLERS, INC. and JANE ROE,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:20-cv-582<br><br>**COMPLAINT**<br>Jury Trial Demanded |

## NATURE OF ACTION

1. Plaintiff Joseph Gibbons ("Plaintiff") brings this action against Defendant Contract Callers, Inc. ("Contract Callers") and Jane Roe ("Roe") (collectively, "Defendants") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the common law of the State of Florida.

## JURISDICTION, STANDING, AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692(k), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Plaintiff has Article III standing to bring this action, as it seeks to redress economic harms caused by Defendants.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where some of the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5. Congress enacted the FDCPA after "finding abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

6. In enacting the FDCPA, Congress made unlawful "[t]he use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person" by debt collectors. 15 U.S.C. § 1692d(1).

7. In addition, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

8. Any debt collector who violates the FDCPA's provisions with respect to any person is liable to that person for actual damages, statutory damages up to $1,000, and the person's reasonable attorney's fees and costs. 15 U.S.C. § 1692k(a).

9. "[T]he FDCPA is a strict liability statute—collector 'need not be deliberate, reckless, or even negligent to trigger liability . . . .'" *Walker v. Pharia, LLC*, No. 4:09-CV-369-Y, 2010 WL 565654, at *3 (N.D. Tex. Feb. 18, 2010) (quoting *Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 495 (7th Cir. 2007)).

10. However, when deciding the appropriate amount of statutory damages to award, the Court shall consider the extent to which the debt collector's conduct was intentional. 15 U.S.C. § 1692k(b)(1).

**PARTIES**

11. Plaintiff is a natural person who at all relevant times resided in the State of Texas, County of Ellis, and City of Midlothian.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13. Contract Callers is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

14. Contract Callers is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

2

15. Roe is an as yet unidentified natural person who at all relevant times was an employee and agent of Contract Callers and was acting within the course and scope of his employment and agency with Contract Callers.

16. At all relevant times, Roe was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

17. Roe is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

18. Upon information and belief, Roe resided in Florida at all relevant times described herein.

## FACTUAL ALLEGATIONS

19. Plaintiff is a natural person allegedly obligated to pay a debt.

20. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal utility services (the "Debt").

21. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

22. Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

23. On or about August 22, 2019, Plaintiff telephoned Contract Callers to pay off the Debt.

24. During the August 22, 2019 telephone call, Plaintiff provided Contract Callers with his billing information and authorized Contract Callers to make a one-time charge to his Chase Bank debit card in the amount of $171.33 for the sole purpose of paying off the Debt.

25. On or about August 22, 2019, Contract Callers charged Plaintiff's Chase Bank debit card in the amount of $171.33.

26. However, on or about August 23, 2019, Plaintiff discovered that an unfamiliar charge was made to his account by Busch Gardens in Florida in the amount of $436.39, and that two withdrawals were attempted, but declined, by someone other than Plaintiff in the amounts of $50.00 and $100.00.

27. Plaintiff never authorized the charges described above.

28. On August 23, 2019, upon discovering the fraudulent charges, Plaintiff immediately reported the fraud to Chase Bank.

29. On September 5, 2019, Contract Callers' vice president of operations, Frank McArthur, telephoned Plaintiff and told him that one of its employees was responsible for the fraudulent charges, referring to the employee as "she."

30. The fraudulent charges on Plaintiff's account were caused by Roe, who obtained Plaintiff's bank account information while working for Contract Callers.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(1)
## ALL DEFENDANTS

31. Plaintiff repeats and re-alleges each factual allegation contained above.

32. "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

33. The FDCPA specifically prohibits "[t]he use…of…criminal means to harm the…property of any person." 15 U.S.C. § 1692d(1).

34. Plaintiff's bank account is property.

35. Using another person's bank account information to make unauthorized purchases for one's own benefit is a criminal act.

36. Roe violated 15 U.S.C. § 1692d(1) with respect to Plaintiff by using Plaintiff's bank account to make unauthorized purchases.

37. Roe acted fraudulently and with malice when Roe illegally used Plaintiff's bank account and converted funds from said account.

38. Contract Callers, as the debt collector that employed Roe, is liable for Roe's violations of § 1692d(1).  *See e.g., Pettit v. Retrieval Masters Creditor Bureau, Inc*., 211 F.3d 1057, 1059 (7th Cir. 2000) ("Just as in the Title VII context, the debt collection company answers for its employees' violations of the statute.").

39. In employing Roe, and allowing him to gain access to Plaintiff's bank account, Contract Callers acted with gross negligence.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Roe violated 15 U.S.C. § 1692d(1);

b) Finding Contract Callers to be liable for Roe's violation of 15 U.S.C. § 1692d(1);

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff exemplary damages;

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692f
## ALL DEFENDANTS

40. Plaintiff repeats and re-alleges each factual allegation contained above.

41. The FDCPA also prohibits the use of unfair or unconscionable means to collect debts. *See* 15 U.S.C. § 1692f.

42. In addition to the non-exhaustive list of conduct that violates the FDCPA, § 1692f "allows a court to sanction improper conduct the FDCPA fails to address specifically." *Turner v. Professional Recovery Services, Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013) (quoting *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996)).

43. Roe violated 15 U.S.C. § 1692f by using the information obtained in connection with Defendants' collection of the Debt to make unauthorized purchases.

44. Roe acted fraudulently and with malice when Roe illegally used Plaintiff's bank account and converted funds from said account.

45. Contract Callers, as the debt collector that employed Roe, is liable for Roe's violations of § 1692f. *See e.g., Pettit*, 211 F.3d at 1059.

46. In employing Roe, and allowing her to gain access to Plaintiff's bank account, Contract Callers acted with gross negligence.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Roe violated 15 U.S.C. § 1692f;

b) Finding Contract Callers to be liable for Roe's violation of 15 U.S.C. § 1692f;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    f) Awarding Plaintiff exemplary damages;

    g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    h) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## NEGLIGENT SUPERVISION, HIRING, TRAINING, OR RETENTION OF EMPLOYEE CONTRACT CALLERS

47. Plaintiff repeats and re-alleges each factual allegation contained above.

48. When an employer is "responsible for bringing a third person into contact with an employee, whom the employer knows or should have known is predisposed to committing a wrong under circumstances that create an opportunity or enticement to commit such a wrong," liability is imposed on the employer under a theory of negligent hiring and/or retention. *Gillis v. Sports Auth., Inc.*, 123 F. Supp. 2d 611, 617 (S.D. Fla. 2000).

49. Upon information and belief, Contract Callers knew or should have known that Roe was unfit or incompetent and that this unfitness or incompetence created a particular and reasonably foreseeable risk to others, including the risk of subjecting debtors to fraudulent charges on their bank accounts.

50. Upon information and belief, Contract Callers failed to inquire regarding its employee's honesty or trustworthiness.

51. Contract Callers' gross negligence in hiring, supervising, retaining, or retaining its employee caused Plaintiff to suffer fraudulent charges on his Chase Bank account.

52. As a direct and proximate result of Contract Callers' actions and failures to act as alleged above, Plaintiff has suffered general and special damages in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Contract Callers negligently supervised, hired, trained, or retained Roe;

b) Awarding Plaintiff actual damages, in an amount to be determined at trial;

c) Awarding Plaintiff exemplary damages in an amount to be determined by the Court;

d) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

e) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

53. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: March 4, 2020

Respectfully submitted,

/s/ Russell S. Thompson IV
Russell S. Thompson IV
Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: 602-388-8898
Facsimile: 866-317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff